**Frank MAY, Plaintiff-Appellant,**

v.

**ATLAS MAGAZINES, INC., a foreign corporation, and Irwin Porges, Defendants-Appellees.**

**No. 17193.**

United States Court of Appeals
Sixth Circuit.

July 5, 1967.

Frederick B. Bellamy, Detroit, Mich., (Kenneth C. Davies, Detroit, Mich., on the brief), for appellant.

James D. Ritchie, Detroit, Mich., (Robert B. Foster, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., on the brief), for appellees.

Before CELEBREZZE and McCREE, Circuit Judges, and WEINMAN, District Judge.*

PER CURIAM.

This is an appeal from the order of the district court dismissing a diversity action filed under the Michigan long-arm statute, M.S.A. §§ 27A.705, 27A.715, Comp. Laws Mich. 1948 §§ 600.705, 600.715 [P.A.1961, No. 236] against the publisher and author of an article which allegedly invaded plaintiff's right to privacy. Defendant moved below for dismissal on three grounds: first, that proper service of process had not been accomplished; second, that the long-arm statute should not be construed as applying to the facts alleged in the complaint; and third, that the statute, if applicable, was unconstitutional.

Instead of deciding the first question of sufficiency of service, the trial judge decided that the statute was applicable and as applied, was unconstitutional.

Our attention has not been directed to, nor do we find, a case in which a Michigan appellate court has construed this statute. Velandra v. Regie Nationale Des Usines Renault, 6 Cir., 336 F.2d 292 (1964), decided by this court, did not, as urged by defendant, construe this statute.

If the matter is not properly before us because of insufficiency of service, it is unnecessary to construe the statute and to pass on its constitutionality if applicable.

Accordingly, the case will be remanded with the instruction to determine the first ground urged for dismissal. Jurisdiction of the appeal will be retained pending this determination.